DAVID H. STERN, SBN 196408
ALEX SPJUTE, SBN 229796
JENNIFER D. GHASSEMI, SBN 312110
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: dstern@bakerlaw.com
aspjute@bakerlaw.com
jghassemi@bakerlaw.com

*Attorneys for Cross-Defendants*
ANHEUSER-BUSCH, LLC and
ANHEUSER-BUSCH INBEV SERVICES, LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ANHEUSER-BUSCH, LLC,

Plaintiff,

v.

CHRISTINA PABST, an individual; and DOES 1 to 100, inclusive,

Defendants.

CHRISTINA PABST, on behalf of herself and all others similarly situated,

Cross-Complainant,

v.

ANHEUSER-BUSCH, LLC, a Missouri Limited Liability Company; ANHEUSER-BUSCH INBEV SERVICES, LLC, a Delaware Limited Liability Company; and DOES 1 TO 50,

Cross-Defendants.

Case No.:

*[Contra Costa County Superior Court Case No. L24-04434]*

**ANHEUSER-BUSCH, LLC AND ANHEUSER-BUSCH INBEV SERVICES, LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

*[Filed concurrently with Declaration of James Mathis and Certification of Conflicts and Interested Entities or Persons]*

Action Filed: May 28, 2024

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Cross-Defendant ANHEUSER-BUSCH, LLC and Cross-Defendant ANHEUSER-BUSCH INBEV SERVICES, LLC (collectively, "Anheuser-Busch" or "Cross-Defendants") hereby remove the action and Cross-Complaint filed by CHRISTINA PABST ("Pabst") in the Superior Court of the State of California in and for the County of Contra Costa, captioned *Christina Pabst v. Anheuser-Busch, LLC, et al.*, Case No. L24-04434, to the United States District Court for the Northern District of California.

**JURISDICTION AND VENUE**

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under §§ 1441 and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

2. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Specifically, the United States District Court for the Northern District of California embraces Contra Costa County, California, which is the location of the state court in which Pabst brought this case and where it is pending. Thus, this Court is the proper district court to which this case has been removed. 28 U.S.C. §§ 1441(b) and 1446(a).

**THE ACTION AND TIMELINESS OF REMOVAL**

**PROCEDURAL BACKGROUND**

3. On May 28, 2024, Anheuser-Busch, LLC filed a civil action in the Superior Court of the State of California in and for the County of Contra Costa, captioned *Anheuser-Busch, LLC v. Christina Pabst*, Case No. L24-04434 (the "State Court Action").

4. On November 5, 2024, Anheuser-Busch LLC served Pabst with copies of the Summons, Complaint and related State court documents. True and correct





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

copies of the Summons, Complaint, and all additional process, pleadings, and orders served upon Pabst are collectively attached to this Notice of Removal as **Exhibit A**. On or about September 8, 2025, Pabst filed and served an Answer to the Complaint, a true and correct copy of which is attached as **Exhibit B**.

5. On or about September 8, 2025, Pabst filed and served a Cross-Complaint in the State Court Action, captioned *Christina Pabst v. Anheuser-Busch LLC and Anheuser-Busch InBev Services, LLC,* Case No. L24-04434. A true and correct copy of the Cross-Complaint Pabst served upon Cross-Defendants is attached as **Exhibit C**.

6. Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Anheuser-Busch filed this Notice of Removal within 30 days of receipt of a copy of the Cross-Complaint in the State Court Action.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## DIVERSITY OF CITIZENSHIP

7. **Pabst's Citizenship.** As alleged in Pabst's Cross-Complaint, Pabst is, and at all times relevant to this matter was, "domiciled in California." (*See* Exhibit C ("Cross-Complaint") ¶¶ 4 & 17.)

8. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is presumed to be a person's domicile in the absence of contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *Ayala v. Cox Automotive, Inc.*, 2016 WL 6561284 at *4 (C.D. Cal. Nov. 4, 2016). Courts treat a person's residence as prima facie evidence of domicile. *See, e.g., District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Barbosa v. Transport Drivers, Inc.*, 2015 WL 9272828 at *2 (C.D. Cal. Dec. 18, 2015).

9. Accordingly, because Pabst, by her own admission, has resided at all relevant times within California, and because there is no evidence that would indicate that Pabst's domicile is any state other than California, Pabst must be

considered a citizen of California.

10. **Cross-Defendant Anheuser-Busch, LLC's Citizenship.** Cross-Defendant Anheuser-Busch, LLC is a limited liability company. As a limited liability company, Anheuser-Busch, LLC is a citizen of every state of which its owner/members are citizens. *Johnson v. Columbia Properties Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006).

11. Anheuser-Busch LLC is a limited liability company that consists of a sole member, Anheuser-Busch Companies, LLC. (Declaration of James Mathis ["Mathis Decl."] ¶ 2.) Anheuser-Busch Companies, LLC is a limited liability company that consists of a sole member, Anheuser-Busch InBev Worldwide Inc. (*Id.*) At the time the State Court Action commenced, Anheuser-Busch InBev Worldwide Inc. was, and as of the date of filing this Notice still is, a corporation formed in and incorporated in the State of Delaware. (*Id.*) Pursuant to the *Hertz* nerve center test, Anheuser-Busch InBev Worldwide Inc. has its principal place of business in the State of Missouri. (*Id.*) Accordingly, for purposes of diversity jurisdiction, Anheuser-Busch Commercial Strategy, LLC is a citizen of the states of Delaware and Missouri.

12. **Cross-Defendant Anheuser-Busch InBev Services, LLC's Citizenship.** Anheuser-Busch InBev Services, LLC consists of a sole member, InBev International Inc. (Mathis Decl. ¶ 3.) Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id.*

13. At the time the State Court Action commenced, InBev International



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Inc. was, and as of the date of filing this Notice still is, a corporation formed in and incorporated in the State of Delaware. (Mathis Decl. ¶ 3.) Pursuant to the *Hertz* nerve center test, InBev International Inc. has its principal place of business in the State of New York. (*Id.*) Accordingly, for purposes of diversity jurisdiction, Anheuser-Busch InBev Services, LLC is a citizen of the states of Delaware and New York.

14. **Doe Defendants.** Although Pabst has also named fictitious defendants, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see also Fristos v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).

15. Accordingly, because Pabst is a citizen of the State of California, while Anheuser-Busch, LLC and Anheuser-Busch InBev Services, LLC are each a citizen of a State *other than California* for the purpose of determining jurisdiction, the complete diversity requirement is satisfied. *See* 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

16. A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1332(a) on the grounds that the amount in controversy exceeds $75,000, exclusive of interest and costs, even when the plaintiff fails to set forth any specific damage amount. *See, e.g., Cohn v. PetsMart, Inc.,* 281 F.3d 837, 839-40 (9th Cir. 2002).

17. A removing defendant must only establish, according to the lenient preponderance of the evidence standard, that the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1446(c)(2)(B). "As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"; the notice need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

18. This action involves Pabst's claims related to Anheuser-Busch's alleged failure to pay minimum and overtime wages, provide meal periods and rest periods, failure to provide accurate wage statements, waiting time penalties, unfair business practices, and reimbursement of business expenses. (*See generally* Cross-Compl.) Pabst claims she should have been paid for said wage and hour violations but she was misclassified as an exempt employee. (Cross-Compl. ¶¶ 18-22.) Pabst's Prayer for Relief seeks an award of compensatory damages, statutory damages and penalties, an injunction, reimbursement, attorneys' fees and costs of suit, liquidated damages, and interest. (*Id*. Prayer for Relief.)

19. **Amount in Controversy.** Without conceding that Pabst is entitled to or could recover damages in the amount or manner alleged, or at all, the amount placed in controversy by Pabst's claims conservatively exceeds $75,000, exclusive of interest and costs.

a. <u>Failure to Pay Regular and Overtime Wages</u>. Pabst alleges that between approximately April 2021 to July 15, 2022, she was misclassified as an exempt employee. (Cross-Compl. ¶¶ 17-22.) Pabst alleges that, "[a]t all relevant times, Cross-Defendants have failed to pay [Pabst] for all hours worked and/or have regularly and consistently maintained policies and practices of refusing to pay [Pabst] for all hours worked . . . including [Pabst's] overtime hours." (*Id.* ¶¶ 25 & 27.) She further alleges, "Throughout her tenure in California, [Pabst] routinely worked more than eight hours per day and/or forty hours per week without receiving overtime compensation." (*Id.* ¶ 20.) She alleges without qualification that, "during [her] employment[,] Cross-Defendants owe [Pabst] regular wages" and thus she "is entitled to liquidated damages under Labor Code section 1194.2(a)." (*Id.* ¶¶ 26 & 28.) During the applicable 4-year statute of limitations ("SOL") period September 8, 2021 to July 15, 2022, there were approximately 44 weeks. Pabst earned an annual salary of approximately $151,041.75 at the time of her separation from employment, which equates to an average base regular rate of

$72.62 per hour ($151,041.75 ÷ 2080 regular hours in a year). Although Anheuser-Busch denies all liability, based on the Cross-Complaint's broad allegations, Anheuser-Busch conservatively estimates that Pabst will allege that she was not compensated for approximately 2.5 hours of straight time and 5 hours of overtime per week. Therefore, Anheuser-Busch calculates the amount in controversy ("AIC") on Pabst's claim for unpaid regular and overtime wages to be approximately **$39,941**, calculated as follows: ($72.62 x 2.5 hours of regular compensation x 44 weeks x 2 [representing liquidated damages]) + ($72.62 x 1.5 OT premium x 5 OT hours per week x 44 weeks).

b. Failure to Provide Meal Periods. Pabst alleges, without qualification, that "[p]ursuant to Cross-Defendants' policies, the demands of [Pabst's] duties, and her job requirements, [Pabst] was required to, and actually did, forego the meal periods required to be provided to [Pabst] and/or took delayed or untimely meal periods." (Cross-Compl. ¶ 32.) She further alleges, "Throughout her tenure in California, [Pabst] routinely worked more than eight hours per day . . . ." (*Id.* ¶ 20.) Based on Pabst's allegations of meal period violations, the approximately 44 weeks during the 4-year SOL period, Pabst's average base regular rate of $72.62 per hour, and conservatively and reasonably assuming Pabst will allege at least 5 missed meal periods per week, Anheuser-Busch calculates the AIC on Pabst's claim for meal period violations to be approximately **$15,976** ($72.62 x 5 violations per week x 44 weeks).

c. Failure to Provide Rest Periods. Pabst alleges, without qualification, that "[p]ursuant to Cross-Defendants' policies, the demands of [Pabst's] duties, and their job requirements, [Pabst] routinely was required to take delayed rest periods and/or to skip rest periods." (Cross-Compl. ¶ 35.) She further alleges, "Throughout her tenure in California, [Pabst] routinely worked more than eight hours per day . . . ." (*Id.* ¶ 20.) Based on Pabst's allegations of rest break violations, the approximately 44 weeks during the 4-year SOL period, Pabst's



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

average base regular rate of $72.62 per hour, and conservatively and reasonably assuming Pabst will allege at least 5 missed rest periods per week, Anheuser-Busch calculates the AIC on Pabst's claim for rest period violations to be approximately **$15,976** ($72.62 x 5 violations per week x 44 weeks).

d. Attorneys' Fees. Pabst also seeks statutory attorneys' fees. (Cross-Compl. ¶ 29 & Prayer for Relief ¶ 6.) In the Ninth Circuit, when attorneys' fees are authorized by statute, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Moreover, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Id.*

e. Even in individual wage and hour cases, plaintiffs' counsel can generate fees in excess of $100,000**.** *See Martin v. The Old Turner Inn*, 2003 WL 25333593 (Cal. Sup. 2003) (awarding $147,610 in attorneys' fees and costs in a single-plaintiff wage and hour case in which the plaintiff recovered $49,508 in compensatory and punitive damages); *see also Bandoy v. Huh*, 1996 WL 675978 (Cal. Sup. 1996) (awarding $73,680 in attorneys' fees in a wage-and-hour employee misclassification case in which the plaintiff recovered in excess of $200,000 in unpaid wages). Indeed, even at a much lower "rate of $400/hour, attorneys' fees would reach $40,000 after just 100 billable hours, and attorneys handling wage-and-hour cases typically spend far more than 100 hours on the case." *See Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010).

f. In light of the Court's own knowledge and experience in ruling on motions for attorneys' fees in cases such as this action, it is "more likely than not" that Pabst will be seeking an attorneys' fees award based on a lodestar of at least 150 hours at not less than $500 per hour—or at least $75,000—if this case is litigated through trial. Therefore, Anheuser-Busch reasonably estimates that

Pabst's counsel's fees in this action through the date of trial or other disposition will be well over **$75,000**. *See, e.g., Correa v. Ford Motor Co.*, 2023 WL 4587630, at *3 (C.D. Cal. July 17, 2023) (finding defendant plausibly estimated attorney fees to be $100,000 "when [individual claims were] litigated through trial" based on defendant's counsel's own experience litigating similar cases).

g. Total Amount in Controversy. As detailed above, without conceding that Pabst is entitled to or could recover damages in the amount or manner alleged, or at all, the amount-in-controversy exceeds $75,000, exclusive of costs and interest. The above-specified amounts are at least equal to $146,893. The table below summarizes the amounts in controversy for the relevant claims:

| | |
|---|---|
| Failure to Pay Regular and Overtime Wages | $39,941 |
| Failure to Provide Meal Periods | $15,976 |
| Failure to Provide Rest Periods | $15,976 |
| Statutory Attorneys' Fees | $75,000 |
| **TOTAL SUM** | **$146,893** |

20. Pabst's claims collectively make it facially plain that Pabst is seeking far more than the minimum amount of $75,000, exclusive of costs and interest, needed to meet the amount-in-controversy requirement.

**NOTICE OF INTERESTED PARTIES**

21. Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 3-15, Anheuser-Busch is filing a Certification of Conflicts and Interested Entities or Persons concurrently with this Notice of Removal.

**NOTICE**

22. As required by 28 U.S.C. § 1446(d), Anheuser-Busch is providing written notice of the filing of this Notice of Removal to Pabst and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Contra Costa.

Dated: October 2, 2025

**BAKER & HOSTETLER LLP**

By: */s/ David H. Stern*
David H. Stern
Alex E. Spjute
Jennifer D. Ghassemi

*Attorneys for Cross-Defendants*
ANHEUSER-BUSCH, LLC and ANHEUSER-BUSCH INBEV SERVICES, LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 600 Anton Blvd., Suite 900, Costa Mesa, CA 92626.

On October 2, 2025, I served the following document(s) described as **ANHEUSER-BUSCH, LLC AND ANHEUSER-BUSCH INBEV SERVICES, LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Matthew A. Haulk<br>Jose M. Herrera<br>**HAULK & HERRERA LLP**<br>100 Pine Street, Suite 1250<br>San Francisco, CA 94111<br>Telephone: (415) 745-3219<br>Facsimile: (415) 745-3301<br>Email: mhaulk@hhemploymentlaw.com<br>jherrera@hhemploymentlaw.com<br>Toni Gesin, tgesin@hhemploymentlaw.com | *Attorneys for Cross-Complainant*<br>CHRISTINA PABST |

| | |
|---|---|
| ☑ | **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
| ☑ | **BY EMAIL**: by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth above. |

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on October 2, 2025, at Costa Mesa, CA.

*/s/ Michael Mason*
Michael Mason