UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANHEUSER-BUSCH, LLC, <br>    Plaintiff, <br> v. <br> CHRISTINA PABST, <br>    Defendant. | Case No. 25-cv-08430-RS <br><br> **ORDER GRANTING MOTION TO REMAND** |

Plaintiff Anheuser-Busch, LLC initiated this action in May of 2024, by filing a complaint in Contra Costa County Superior Court against defendant Christina Pabst. After Pabst filed a cross-complaint against Anheuser-Busch also naming Anheuser-Busch InBev Services, LLC, ("InBev"), Anheuser-Busch and InBev filed a notice of removal of the case to this court. Pursuant to Civil Local Rule 7-1(b), defendant Pabst's motion for remand and for an award of attorney fees is suitable for disposition without oral argument, and the hearing set for November 21, 2025, is vacated.[1]

As the original plaintiff in this action, Anheuser-Busch has no right to remove. *See* 28 U.S.C. § 1441 ( . . . may be removed by the *defendant or the defendants* (emphasis added)). That it

---

[1] Because this order finds the removal was improper and jurisdiction is lacking, there is no basis to reach the motion by Anheuser-Busch and InBev to compel arbitration and to dismiss or stay set on the same day. That motion is denied for lack of jurisdiction, without prejudice to the state court's right to address it on the merits following remand.

was named as defendant to a cross-complaint does not change the result. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107 (1941). Nor does the addition of a third-party defendant to the cross-complaint. *See Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019) ("Considering the phrase 'the defendant or the defendants' in light of the structure of the statute and our precedent, we conclude that §1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim.").

Anheuser-Busch insists the statutory language and *Home Depot* are not controlling here for two reasons. First, Anheuser-Busch contends Pabst is relying on a "general rule under federal question jurisdiction" despite the fact that the removal here was predicated on diversity. The statutory limitation that only defendants may remove, however, does not turn on any distinction between removals based on federal question and those based on diversity. Indeed, *Home Depot* involved a removal on diversity grounds. *See* 587 U.S. at 439.

Second, Anheuser-Busch contends the Supreme Court in *Home Depot* did not consider the issue of "realignment." As the cases invoked by Anheuser-Busch reveal, however, "realignment" is a concept employed by courts to determine if *diversity* exists, notwithstanding the nominal alignment of the parties.

> The courts, not the parties, are responsible for aligning the parties according to their interests in the litigation. If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes.

*Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987) (quoting *Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983)). In other words, if a party is on the wrong side of the "v," it can "realigned" to be a co-party with one or more parties on the other side of the "v," with whom its litigation interests are shared. The principle has no application here, where there is no claim that any party on either side of the "v" actually shares interests with the parties on the other side of the "v." Anheuser-Busch does not contend any party is improperly aligned with another party where they actually are in opposition to each other, hence there is no

cause to realign. Simply switching the labels of all existing plaintiffs to become "defendants," and all existing defendants to become "plaintiffs" is not a realignment.

The motion to remand this case to Contra Costa County Superior Court is granted. While Anheuser-Busch's claimed basis for removal bordered on objectively unreasonable, rendering the question close, Pabst's request for an award of attorney fees will be denied.

**IT IS SO ORDERED**.

Dated: November 14, 2025

_____
RICHARD SEEBORG
Chief United States District Judge